IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:18-cr-00078

JOSHUA HICKS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Renewed Letter-Form Motion for Compassionate Release* (Document 52), wherein the Defendant requests compassionate release due to his concern about the risk of contracting COVID-19 given the current outbreak of the virus at FCI Beckley, where he is incarcerated.  For the reasons stated herein, the Court finds that the motion should be denied.

On August 16, 2018, the Defendant pled guilty to counts one and four of a four-count indictment for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), being a felon in possession of a firearm, and 18 U.S.C. § 472, possession of counterfeit obligations of the United States.  On November 29, 2018, the Defendant was sentenced to 60 months of incarceration and three years of supervised release.

On June 12, 2020, the Defendant filed a motion seeking compassionate release because he was concerned about the risk of contracting COVID-19 given his asthma, and because his father was terminally ill.  By order entered June 18, 2020, this Court denied the Defendant's motion for compassionate release, finding that the Defendant made no showing that he had satisfied the administration exhaustion requirements and that the factors set forth in 18 U.S.C. § 3553(a) did

not weigh in favor of his release. The Defendant did not then allege that there was an uncontrolled outbreak of the virus at FCI Beckley, where he was housed. The Court also noted the fact that the length of the Defendant's remaining term of imprisonment was substantial.

The Defendant has now renewed his motion for compassionate release, arguing that there is currently a coronavirus outbreak at FCI Beckley. Further, he asserts that he has served thirty-three months of the imposed sixty-month sentence and has earned 108 days of good conduct time. Moreover, he asserts that he has had asthma since birth and currently uses two different inhalers to control the condition.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(BOP)] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Defendant primarily argues that this Court should consider his renewed motion because he failed to demonstrate that there was an active outbreak of the coronavirus at FCI Beckley in his earlier motion. However, the absence of an outbreak at FCI Beckley was only one factor that the Court considered. The Defendant still has not demonstrated that thirty days have

elapsed since filing a motion with the BOP. Therefore, the Defendant has not demonstrated that he satisfied the administrative exhaustion requirements.

However, even if the Defendant had satisfied the requisite administrative filing requirements, the Court's findings regarding his remaining term of imprisonment and the § 3553(a) factors remain the same. The Defendant has served just over half of the imposed sixty-month sentence. To relieve the Defendant of the remainder of this term of imprisonment based on the facts alleged would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement.

The Court has also given consideration to the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to provide just punishment, afford adequate deterrence, and protect the public together with the applicable sentencing range. Given the limited options available to the Court for providing relief under 18 U.S.C. § 3582(c)(1)(A)(i), the Court finds that the § 3553(a) factors do not weigh in favor of the Defendant's release in this case.

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Renewed Letter-Form Motion for Compassionate Release* (Document 52) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 18, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA